### KINGSTON v. BERRY.

(Supreme Court, Appellate Term. May 24, 1899.)

1. APPEAL—REVIEW—CONFLICT OF EVIDENCE.
   A decision on conflicting evidence will not be disturbed.

2. BUILDING CONTRACT—BREACH—EVIDENCE.
   On an issue whether a subcontractor of a building had done his work according to his contract with the principal contractor, the contract between the latter and the owner, not in any manner referred to in the subcontract, is inadmissible.
   MacLean, J., dissenting.

Appeal from Tenth district court.

Action by George W. Kingston against Harry Berry. There was a judgment for plaintiff, and defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

W. Stebbins Smith, for appellant.

J. C. Julius Langbein, for respondent.

LEVENTRITT, J. The plaintiff, a subcontractor under the defendant, recovered judgment for a balance due on certain plastering in the house of one Hannah J. Allen, which the defendant had agreed to erect. A written contract was entered into between the parties to this action, and therein reference was made to the plans and specifications according to which all the work, including the plastering, was

to be done. No reference was, however, made to the general contract between the defendant and Mrs. Allen. It was admitted that the balance had not been paid, the defendant maintaining his right to withhold it on account of plaintiff's defective work. Upon hearing the evidence on the issue thus raised, the court found against the defendant; and his just conclusion, involving merely the solution of a conflict of evidence, we cannot disturb. Conroy v. Allen, 23 Misc. Rep. 125, 50 N. Y. Supp. 610.

The appellant, however, predicates error on the exclusion of the general contract between him and Mrs. Allen. But none of its conditions were imported into the plaintiff's plastering contract, which was an entirely independent agreement. Further, examination of the excluded contract shows that none of its provisions affect the rights of the parties. The judgment should therefore be affirmed.

Judgment affirmed, with costs to the respondent.

FREEDMAN, P. J., concurs.

MacLEAN, J. (dissenting). As subcontractor, the plaintiff agreed to plaster the house "according to plans and specifications," which required all mortar to be applied in the best manner, well-troweled, leaving the surface straight and true; to repair and make good all blemishes and damages to plastering by other workmen; and that the entire work, in all its parts, be done in a workmanlike and substantial manner, and to be approved by the architect. This he did not do, by his own admissions. According to the evidence, the contractor (the defendant) had to throw off, or did throw off, for the plaintiff's remissness, more than the amount claimed herein, upon the settlement with the owner, whose son testified that the wind came through behind the window casings because of the bad plastering, and that its unsightliness was to be covered by wall papering. It was not a compliance with his covenant to repair to offer to repair the blemishes and damages after the owner had moved into her house, in which the plaintiff had left his work to be a discomfort and an eyesore. Nor should he, after so acquitting himself, be allowed compensation as for work done in all its parts in a workmanlike and substantial manner.